**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 5:24- CR-0355 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| ANGELA FRASE, | ) **OPINION & ORDER** |
| Defendant. | ) |

**I.   Introduction**

On October 7, 2025, Angela Frase filed three documents – a motion to vacate pursuant to 28 USCS § 2255 (ECF 21); a motion for compassionate release pursuant to 18 U.S.C. § 3582 (ECF Doc. 22); and an emergency motion for release/bail. ECF Doc. 24. Frase's three documents raise nearly identical issues. She argues that she is being subjected to cruel and unusual punishment because she is being housed with male inmates and because she is not receiving necessary medical care from the Bureau of Prisons ("BOP"). On November 13, 2025, the Government filed a brief in opposition to Frase's § 2255 petition. ECF Doc. 28. On January 23, 2026, Frase filed a supplement to her motion for compassionate release (ECF Doc. 32) and on February 20, 2026, the Government filed a response. ECF Doc. 37. Frase filed a reply on February 24, 2026. ECF Doc 38. For the reasons stated below, the Court DENIES both Frase's § 2255 petition and her motion for compassionate release. Frase's emergency motion for release/bail is DENIED, as moot.

1

## II. Background

Frase pleaded guilty to mail fraud and was sentenced to 24 months in prison on February 19, 2025. ECF Doc. 16. She self-reported to the BOP on April 30, 2025 and is serving her sentence at Carsell Federal Medical Center. Her release date is currently scheduled for September 27, 2026.[1]

## III. § 2255

As a preliminary matter, Frase's § 2255 petition is timely. 28 U.S.C. § 2255(f)(1) proscribes a one-year statute of limitations for filing a motion, counted from the date on which the judgment becomes final. A conviction "becomes final upon conclusion of direct review." (*Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004)). The court sentenced Frase on February 19, 2025. ECF Doc. 16. She timely filed her §2255 petition on October 7, 2025.

Under 28 U.S.C. § 2255(a), a prisoner in custody under sentence of a district court may move the court that imposed the sentence to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Here, Frase contends she received ineffective assistance of counsel when she entered her guilty plea because her attorney did not fully explain the conditions under which she would serve her sentence. Specifically, she contends that she should have been advised that she would be

---

[1] https://www.bop.gov/inmateloc

2

required to shower with male inmates. To establish ineffective assistance of counsel, a petitioner is required to demonstrate: 1) that counsel's performance was so deficient that counsel did not actually perform as counsel; and 2) that his defense was so prejudiced by counsel's conduct that it is reasonably probable that the outcome of the case would have been different but for the ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Conclusory allegations that fail to articulate counsel's deficiencies or how they prejudiced the case are insufficient to sustain a claim of ineffective assistance of counsel on a § 2255 motion. *Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020).

In the context of a guilty plea, a defendant seeking to establish the *Strickland* prejudice requirement must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Frase hasn't identified any errors by her attorney. Frase was fully advised of the rights she was waiving in her plea agreement. ECF Doc. 8. Even if he had wanted to, Frase's attorney could not have advised her of the location or conditions of her confinement or guaranteed they wouldn't change. Once Frase was sentenced, her confinement was almost entirely in the hands of the Bureau of Prisons. "[T]he Bureau of Prisons, not the federal courts, has exclusive authority to designate the place of confinement of federal prisoners." *United States v. Ovalle-Perez*, 51 F.3d 273 (6th Cir. 1995) (citing 18 U.S.C. § 3621(b)).

Frase was sentenced to a woman's prison and is still designated to a female institution. ECF Doc. 28-1. She has not provided any evidence that she has been forced to shower with a male inmate. In reality, Frase is objecting that some of her fellow inmates may be transgender.

3

However, Frase does not have the right to choose her facility or her fellow inmates. *See Sargent v. Elkton,* 2013 U.S. Dist. LEXIS 67136 at *4 (N.D. Ohio 2013), citing 18 U.S.C. § 3621; *Moody v. Daggett*, 429 U.S. 78, 88, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir.1986). Moreover, her attorney was not ineffective for failing to advise her of the future details of her incarceration. Neither he, nor Frase, had any choice in where she would be confined.

Finally, Frase's § 2255 motion does not really challenge the constitutionality of her sentence; it challenges the conditions of her confinement. Such claims are not cognizable under § 2255. *See Bradley v. Shoop,* 2021 U.S. App. LEXIS 582 at *3-5 (6th Cir. 2021). Frase must challenge the conditions of her confinement under 42 U.S.C. § 1983 or 28 U.S.C. § 2241. *Id.; Johnson v. United States,* 76 F.3d 379 (6th Cir. 1996). Because her filing fails to properly challenge the legality of her sentence, her § 2255 motion must be denied.

### IV. Motion for Compassionate Release

Frase filed a motion for compassionate release on October 7, 2025, the same day she filed her §2255 motion. Frase's motion for compassionate release raises the same concerns raised in her §2255 motion. She seeks compassionate release because she claims she is being forced to shower with males and because she believes she should be receiving different medical care in prison. As explained above, Frase has not provided any evidence that she has been forced to shower with a male inmate. Consequently, this cannot serve as the basis for her compassionate release.

On January 23, 2026, the Federal Public Defender filed a supplement to Frase's motion for compassionate release primarily arguing that Frase has medical issues and is not receiving adequate care in prison. ECF Doc. 32. The Court will further consider this argument below.

A motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A) – a motion for compassionate release – is analyzed under a three-step inquiry. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). First, when an imprisoned person files a motion for compassionate release: they must show exhaustion of administrative appeals by either (1) a warden denying their request or (2) showing thirty days have passed since the request was made without a response. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Second, the Court must find that both "extraordinary and compelling" reasons justify a sentence reduction and that such a reduction would be consistent with policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1101. If an "extraordinary and compelling reason" is found, the final step of the inquiry requires re-weighing the sentencing factors of 18 U.S.C. § 3553(a). Jones, 980 F.3d at 1101. When weighing these factors, a district court is permitted to consider a defendant's "history and characteristics, including [her] propensity to be a danger to the community upon release, as well as the nature and circumstances of [her] offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Here, it appears that Frase exhausted her request for compassionate release. *See* ECF Doc. 21-2. However, she has not shown an extraordinary and compelling reason for her release, and the 3553 factors do not weigh in her favor. Frase contends that she is not receiving adequate medical care because she has not received an MRI to evaluate her liver disease. In support, she has submitted a November 2024 record from a private medical provider recommending a follow-up MRI or CT of the liver in one year. *See* ECF Doc. 32-1 at p.7. Frase also contends that the BOP is not adequately monitoring an aneurysm on her left carotid artery.

The Government responds that Frase is receiving regular medical care at FMC Carswell. The medical staff at the facility are aware of the medical condition of Frase's liver and have

5

performed an ultrasound, which revealed no cause for concern. Similarly, the BOP performed an ultrasound in June 2025 to monitor Frase's aneurysm, which showed no occlusion or significant stenosis. The Government has also submitted correspondence from FMC Carswell stating that "the ultrasound is the preferred method for monitoring the aneurysm." ECF Doc. 37-1.

Upon review of Frase's conditions and the Government's response, the Court finds that Frase's medical care at FMC Carswell does not constitute an extraordinary or compelling reason warranting her early release. Frase is receiving adequate medical care for the concerns she has raised in her motion. She may not agree with the opinions of the medical providers at FMC Carswell, but she has not shown that she is receiving inadequate care. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Conversely, the Government has shown that the BOP is adequately monitoring Frase's conditions and providing appropriate care. Finally, the Court notes that Frase is scheduled to be released in September 2026. Thus, she will be able to resume care with her private medical providers soon. In summary, Frase has failed to show that an extraordinary and compelling reason warrants her early release.

Even if Frase had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). The Court considers these factors initially at sentencing and is required to reconsider them when considering compassionate release. Here, the factors continue to weigh against Frase's compassionate release.

Frase's sentence was warranted by the severity of the nature and circumstances of her offense. She purposely lit her own house on fire causing an explosion and a large fire that destroyed her home. In doing so, Frase placed her neighbors at serious risk of bodily harm and damage to their properties. Then, Frase falsely claimed that she had been maliciously targeted due to her race and encouraged her neighbors and community members to contribute to her Go Fund Me account and donate to her fundraiser Poker Run. Frase put her neighbors at risk, deceived them and took advantage of their kindness. The severity of her offense does not weigh in favor of her motion for compassionate release.

## V. Conclusion

Because Frase's §2255 petition lacks merit and because she has not shown an extraordinary and compelling reason justifying compassionate release, the Court DENIES both Frase's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF Doc. 21) and her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). ECF Doc. 22. Frase's emergency motion for release/bail is DENIED, as moot. ECF Doc. 24.

**IT IS SO ORDERED.**

Dated: February 26, 2026                    *s/Dan Aaron Polster*
                                            United States District Judge